**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| SANDRA GRIZZARD and BILLY JACK GRIZZARD, | ) | |
| Plaintiffs, | ) | Case No.: 3:07-CV-107 JTC |
| v. | ) | |
| DAVOL INC. and C.R. BARD, INC., | ) | Jury Trial Demanded |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, answer Plaintiff's Complaint as follows:

**PARTIES**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

3. The allegations in Paragraph 3 are not directed to Bard, and therefore no response is required. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100

Sockanosset Crossroad, Cranston, Rhode Island 02920, and its resident agent is CT Corporation Systems located at 10 Weybosset St., Providence, RI 02903. Answering further, Davol admits that at various times it designed, labeled, marketed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of Georgia. Davol does not know what is meant by "testing," "advertising," or "promotion" beyond the meanings of designed and marketed which have already been admitted, and therefore denies these allegations.

4. Bard admits that it is a Georgia registered foreign corporation organized under the laws of the State of New Jersey with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Answering further, Bard admits that Davol is its subsidiary, and that it conducts business in Georgia. Bard denies the remaining allegations.

**JURISDICTION AND VENUE**

5. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

6. Defendants deny the allegations in Paragraph 6.

## FACTS

7. To the extent the allegations in Paragraph 7 are directed to Bard, Bard denies the same. Davol admits that at various times it manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. The allegations in Paragraph 8 are not directed to Bard, and therefore no response is required. Davol admits that at various times it designed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the same.

9. Defendants admit that the Kugel® product line was acquired in January 2000, and that in 2001 Davol began marketing various-sized Composix® Kugel® Patches. Answering further, Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food & Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations, and therefore deny the same.

10. The allegations in Paragraph 10 are not directed to Bard, and therefore no response is required. Davol denies the allegations.

11. The allegations in Paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 12 of the Complaint, and therefore deny the same.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early

2007. Defendants further state these products have since been returned to market with FDA approval.

15. The allegations in Paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 15 of the Complaint.

16. Defendants deny the allegations.

17. Defendants deny the allegations.

18. The allegations in Paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint, and therefore deny the same.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint, and therefore deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 23 of the Complaint, and therefore deny the same.

24. The allegations in Paragraph 24 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 25 of the Complaint, and therefore deny the same.

26. The allegations in Paragraph 26 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 26 of the Complaint.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint, and therefore deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 28 of the Complaint, and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 29 of the Complaint, and therefore deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 30 of the Complaint, and therefore deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 31 of the Complaint, and therefore deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 32 of the Complaint, and therefore deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 33 of the Complaint, and therefore deny the same.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 34 of the Complaint, and therefore deny the same.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 35 of the Complaint, and therefore deny the same.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 36 of the Complaint, and therefore deny the same.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 37 of the Complaint, and therefore deny the same.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 38 of the Complaint, and therefore deny the same.

**COUNT I**
**Negligence**

39. In response to Paragraph 39 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

40. The allegations in Paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41 of the Complaint.

42. The allegations in Paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43 of the Complaint.

44. The allegations in Paragraph 44 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45 of the Complaint.

**COUNT II**
**Strict Liability Pursuant to O.C.G.A. § 51-1-11**

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

47. To the extent the allegations in Paragraph 47 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of Georgia. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations.

48. To the extent the allegations in Paragraph 48 are directed to Bard, Bard denies the same. Davol admits that at various times it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 49 of the Complaint, and therefore deny the same.

50. To the extent the allegations in Paragraph 50 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations. Answering further, Davol submits that "situated in the chain of commerce" is a term of art and not capable of meaningful answer, and therefore Davol denies the allegation.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 51 of the Complaint, and therefore deny the same.

52. The allegations in Paragraph 52 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 60 of the Complaint.

**COUNT III**
**Strict Liability Failure to Warn**

61. In response to Paragraph 61 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

62. To the extent the allegations in Paragraph 62 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of Georgia. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations.

63. To the extent the allegations in Paragraph 63 are directed to Bard, Bard denies the same. Davol admits that at various times it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 64 of the Complaint, and therefore deny the same.

65. To the extent the allegations in Paragraph 65 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations. Answering further, Davol submits that "situated in the chain of commerce" is a term of art and not capable of meaningful answer, and therefore Davol denies the allegation.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 66 of the Complaint, and therefore deny the same.

67. The allegations in Paragraph 67 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 67 of the Complaint.

68. The allegations in Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68 of the Complaint.

69. The allegations in Paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69 of the Complaint.

70. The allegations in Paragraph 70 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 70 of the Complaint.

71. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 71 of the Complaint, and therefore deny the same.

72. The allegations in Paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 72 of the Complaint.

73. The allegations in Paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73 of the Complaint.

74. The allegations in Paragraph 74 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74 of the Complaint.

**COUNT IV**
**Breach of Express Warranty of Merchantability/Misrepresentation**

75. In response to Paragraph 75 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

76. The allegations in Paragraph 76 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 79 of the Complaint.

80. The allegations in Paragraph 80 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 80 of the Complaint.

**COUNT V**
**Breach of Implied Warranty**

81. In response to Paragraph 81 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

82. To the extent the allegations in Paragraph 82 are directed to Bard, Bard denies the same. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 82 of the Complaint, and therefore denies the same. The remaining allegations in Paragraph 82 are conclusions of law to which no response is required. To the extent a response is required, Davol denies the same.

83. To the extent the allegations in Paragraph 83 are directed to Bard, Bard denies the same. Davol admits that at various times it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

84. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 84 of the Complaint, and therefore deny the same.

85. The allegations in Paragraph 85 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 85 of the Complaint.

86. The allegations in Paragraph 86 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 87 of the Complaint.

**COUNT VI**
**Violation of Georgia's Fair Business Practice Act Pursuant to O.C.G.A. § 10-1-399**

88. In response to Paragraph 88 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

89. To the extent the allegations in Paragraph 89 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations. Answering further, Davol submits that "situated in the chain of commerce" is a term of art and not capable of meaningful answer, and therefore Davol denies the allegation.

90. To the extent the allegations in Paragraph 90 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its

accompanying labeling information throughout the United States, including the state of Georgia. Davol does not know what is meant by "testing," packaging," advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations.

91. To the extent the allegations in Paragraph 91 are directed to Bard, Bard denies the same. Davol admits that at various times it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

92. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 92 of the Complaint, and therefore deny the same.

93. The allegations in Paragraph 93 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 93 of the Complaint.

94. The allegations in Paragraph 94 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 94 of the Complaint.

95. The allegations in Paragraph 95 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 95 of the Complaint.

**COUNT VII**
**Loss of Consortium**

96. In response to Paragraph 96 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

97. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 97 of the Complaint, and therefore deny the same.

98. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 98 of the Complaint, and therefore deny the same.

99. To the extent the allegations in Paragraph 99 are directed to Bard, Bard denies the same. Davol admits that at various times it designed, manufactured, labeled, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of Georgia. Davol does not know what is meant by "testing," packaging,"

advertising," or "promoting" beyond the meanings of designed, distributed, and marketed which have already been admitted, and therefore Davol denies these allegations.

100. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 100 of the Complaint, and therefore deny the same.

101. To the extent the allegations in Paragraph 101 are directed to Bard, Bard denies the same. Davol admits that at various times it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

102. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 102 of the Complaint, and therefore deny the same.

103. The allegations in Paragraph 103 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 103 of the Complaint.

104. The allegations in Paragraph 104 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 104 of the Complaint.

105. The allegations in Paragraph 105 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 105 of the Complaint.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. The misuse or abnormal use of the product or failure to follow instructions by Plaintiff, her agents, or her physicians bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs habr been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Georgia Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of

defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Georgia Constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Georgia and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Georgia.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their rights to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's

Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

This 10th day of December, 2007.

SMITH MOORE LLP

/s/ Lawrence J. Myers
Lawrence J. Myers
Georgia Bar No. 533250

3700 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
404-962-1000
404-962-1200 (facsimile)
larry.myers@smithmoorelaw.com

*Counsel for Defendant Davol Inc. and Defendant C.R. Bard, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| SANDRA GRIZZARD and<br>BILLY JACK GRIZZARD,<br>Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No.: 3:07-CV-107 JTC |
| DAVOL INC. and C.R. BARD, INC.,<br>Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing Answer and Affirmative Defenses of Defendants Davol Inc. and C.R. Bard, Inc. with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record: Carol Orleck, Esq. (*corleck@earthlink.net*).

Additionally, I hereby certify that a true and correct copy of the said Answer was served by depositing same in the United States mail, postage prepaid addressed to:

D. Carol Orleck, Esq.
Office of Carol Orleck
5½ East Broad Street
Newnan, GA 30263

Diane Sternlieb, Esq.
The Law Offices of Diane M. Sternlieb, LLC
314 Bradley Street
Carrollton, GA 30117

This 10th day of December, 2007.

SMITH MOORE LLP

/s/ Lawrence J. Myers

Lawrence J. Myers
Georgia Bar No. 533250

3700 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
404-962-1000
404-962-1200 (facsimile)
larry.myers@smithmoorelaw.com